DAYTON BAR ASSOCIATION *v*. STRAHORN.

[Cite as *Dayton Bar Assn. v. Strahorn*, ___ Ohio St.3d ___, 2018-Ohio-1904.]

(No. 2017-0799—Submitted April 11, 2018—Decided May 16, 2018.)

ON ORDER TO SHOW CAUSE.

_____

{¶ 1} On December 28, 2017, this court suspended respondent, Derrick Anthony Strahorn, from the practice of law for a period of six months, with the entire suspension stayed on conditions, and ordered respondent to pay board costs in the amount of $554.70. Respondent has not paid board costs in the amount of $554.70 as ordered by the court. On April 11, 2018, this court issued an order to show cause why respondent should not be found in contempt and the stay of his suspension revoked for failure to pay board costs in the amount of $554.70. Respondent did not file a response to the show-cause order.

{¶ 2} Upon consideration thereof, it is ordered and adjudged by this court that respondent, Derrick Anthony Strahorn, Attorney Registration No. 0034483, last known business address in Dayton, Ohio, is found in contempt for failure to comply with the court's December 28, 2017 suspension order.

{¶ 3} It is further ordered that the previously imposed stay of the six-month suspension is revoked and that respondent is suspended from the practice of law until respondent pays board costs in the amount of $554.70 and any interest due, has applied for reinstatement, and has been granted reinstatement by this court.

{¶ 4} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(23)(C). If employed pursuant to Gov.Bar R.

V(23), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(23)(A)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 5} It is further ordered that pursuant to Gov.Bar R. X(13), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(13), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(B) for each six months, or portion of six months, of the suspension.

{¶ 6} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent pays the board costs, including any and all accrued interest, (2) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (4) respondent complies with this and all other orders of the court, and (5) this court orders respondent reinstated.

{¶ 7} It is further ordered that respondent shall immediately do the following:

{¶ 8} 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 9} 2. Regardless of any fees or expenses due, deliver to all clients being represented in pending matters any papers or other property pertaining to the client or notify the clients or co-counsel, if any, of a suitable time and place

where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 10} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid and account for any trust money or property in respondent's possession or control;

{¶ 11} 4. Notify opposing counsel or, in the absence of counsel, the adverse parties in pending litigation of respondent's disqualification to act as an attorney after the effective date of this order and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 12} 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 13} 6. File with the clerk of this court and disciplinary counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of the notices required herein, and setting forth the address where the respondent may receive communications; and

{¶ 14} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 15} It is further ordered that respondent shall keep the clerk, the Dayton Bar Association, and disciplinary counsel advised of any change of address where respondent may receive communications.

{¶ 16} It is further ordered that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings. All case documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 17}** It is further ordered that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to respondent's last known address.

**{¶ 18}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(17)(D)(1) and that publication be made as provided for in Gov.Bar R. V(17)(D)(2).

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

_____